## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCIS M. REYNOLDS,<br><br>   Plaintiff,<br><br>v.<br><br>DAVID AXELROD, KHALIL WILLIAMS, MARY TREANOR, and STEPHEN STIGALL,<br><br>   Defendants. | CIVIL ACTION NO. 1:21-cv-10721-IT |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants David Axelrod, Kahlil Williams, Mary Treanor, and R. Stephen Stigall[1] ("Defendants") respectfully submit this memorandum in support of their motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiff Francis M. Reynolds ("Reynolds" or "Plaintiff") filed this *pro se* action for legal malpractice on April 30, 2021. Defendants are four lawyers with Ballard Spahr LLP,[2] who represented Reynolds in connection with a criminal prosecution that culminated in Reynolds's conviction on one count of securities fraud and three counts of obstructing an agency proceeding. Read in the light most favorable to the Plaintiff, the complaint alleges that Reynolds's defense team committed a number of errors that led to his conviction. It seeks damages in excess of $100 million.

---

[1] The complaint incorrectly identifies Mr. Stigall as Stephen "Stiggal" and Mr. Williams as "Khalil" Williams.

[2] Ballard Spahr is not named as a Defendant in the Complaint.

To maintain a malpractice action against his criminal defense lawyers, the plaintiff (*i.e.*, the criminal defendant) must plead and prove that he is actually innocent of the charges against him. *Glenn v. Aiken*, 409 Mass. 699, 708 (1991).  Reynolds has not done so, and he cannot do so, because his conviction remains undisturbed.  The Complaint thus fails to state a claim on which relief may be granted and should be dismissed pursuant to Rule 12(b)(6).

## RELEVANT BACKGROUND AND FACTUAL ALLEGATIONS

### The Criminal Case Against Reynolds

On April 18, 2018, the United States Attorney for the District of Massachusetts filed a criminal complaint against Reynolds and two other defendants, alleging that they had committed securities fraud in connection with the solicitation of investments in PixarBio Corporation, a company of which Reynolds was the CEO, President, CFO, and Board Chair. *See United States v. Reynolds*, 1:18-cr-10154-DPW, Dkt. No. 3.[3]  On April 24, 2018, Reynolds was arrested, arraigned, and released on a $250,000 bond.  *Id.*, Dkt. Nos. 10, 13-15.  On May 22, 2018, a grand jury returned an indictment against Reynolds on one count of securities fraud and one count of manipulative trading.  *Id.*, Dkt. No. 26.  On February 26, 2019, the grand jury returned a superseding indictment, dropping the manipulative trading charge, but adding three charges of obstruction of an agency proceeding.  *Id.*, Dkt. No. 105.

Reynolds retained Ballard Spahr to represent him after his indictment.  The criminal case was tried in this District before Judge Woodlock in October 2019.  *Id.*, Dkt. No. 182.  Following

---

[3] This Court may take judicial notice of court filings in related litigation in ruling on a motion to dismiss.  *See, e.g.*, *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("[F]ederal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Lombardo v. Citimortgage, Inc.*, No. 18-10299-PBS, 2019 U.S. Dist. LEXIS 149008, at *4 (D. Mass. Mar. 4, 2019), *report and recommendation adopted by Lombardo v. Citimortgage, Inc.*, No. 18-10299-PBS, 2019 U.S. Dist. LEXIS 149743, at *1 (D. Mass. Mar. 19, 2019) (same).

1042852\308614575.v1

fourteen days of trial, the jury returned a guilty verdict against Reynolds on all counts.  *Id.*, Dkt. No. 229.  On February 18, 2020, Reynolds was sentenced to seven years of incarceration followed by three years of supervised release.  *Id.*, Dkt. No. 275.  At the conclusion of the sentencing hearing, Judge Woodlock noted that "both parties, the Government and Mr. Reynolds, were well-served by the counsel that they had representing them here." *Id.*, Dkt. No. 286 at 89-90.

On March 3, 2020, Reynolds filed a notice of appeal of his conviction.  *Id.*, Dkt. No. 300. Ballard Spahr's representation of Reynolds concluded after the filing of his notice of appeal.  *Id.*, Dkt. No. 302.  Reynolds is now pursuing that appeal *pro se*.  *See United States v. Reynolds*, No. 20-1268 (1st Cir.) (*appeal docketed* Mar. 20, 2020).  The appeal has been briefed, but not yet decided.  *Id*.  Thus, Reynolds's convictions remain undisturbed.

## The Instant Complaint

The Complaint in this action consists of this Court's *pro se* complaint form, which has been filled out and signed by Reynolds, but contains no factual allegations.  *See* Dkt. No. 1 (the "Form Complaint").  Attached to the Form Complaint is a document entitled "Additional Information for Complaint," which consists of fifteen pages of text generally relating to the conduct of Reynolds's criminal trial, and contains his only substantive allegations against the Defendants. *See* Dkt. No. 1-9 (the "Substantive Complaint" and, together with the Form Complaint, the "Complaint").[4]

Neither document includes any specifically identified causes of action, but in the section of the Form Complaint regarding the Plaintiff's basis for jurisdiction, Reynolds states that federal question jurisdiction exists because "legal malp[]ractice le[d] to violations of Sixth Amendment, 8th Amendment, 14th amendment, first amendment, second amendment, fourth Amendment, fifth

---

[4] Reynolds also filed a number of exhibits that he contends substantiate the factual allegations in the Complaint.  *See* Dkt. Nos. 1-1 through 1-8.

amendment." Form Complaint at 3. Similarly, Reynolds's Substantive Complaint contains a heading which reads "Rule 1.8(H) Legal Malpractice," and asserts that Defendants "all failed in their Fiduciary duty and was [sic] negligent in their duty of care of Mr. Reynolds liberties." Substantive Complaint at 3.

In his Substantive Complaint, Reynolds asserts that "Ballard defense lawyers ignored evidence and Mr. Reynolds did not receive a fair trial," and identifies certain "exculpatory evidence" that Reynolds claims should have been used in his defense. *Id*. at 4-8, 12-14. Reynolds also faults his defense team for failing to seek an interlocutory appeal of an evidentiary ruling of the trial court, failing to confirm the authenticity of certain evidence, and failing properly to respond to what the Complaint asserts was "juror misconduct." *Id*. at 8-11. Finally, the Complaint alleges that Defendants mismanaged their defense budget, *id*. at 11, and failed to comply with court rules regarding the use of demonstrative exhibits in closing arguments. *Id*. at 11-12. Based on these allegations, Reynolds seeks damages in excess of $100 million.

## ARGUMENT

## I.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual allegations must be sufficient to provide the defendant with notice of the claims against it and the grounds for entitlement to relief. *Twombly*, 550 U.S. at 555-556; *see also* Fed. R. Civ. P. 8 (a)(2) ("A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief."). Similarly, the

allegations must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And while the court must liberally construe *pro se* complaints, "*pro se* status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

## II.  THE COMPLAINT DOES NOT STATE A CLAIM FOR LEGAL MALPRACTICE AND CANNOT STATE SUCH A CLAIM WHILE REYNOLDS'S CRIMINAL CONVICTIONS REMAIN UNDISTURBED

Under Massachusetts law, an essential element of any criminal defendant's claim for legal malpractice against his defense counsel is that he plead and prove that he was innocent of the charges of which he was accused. *Glenn*, 409 Mass. at 708; *see also, e.g.*, *Matthews v. D'Arcy*, No. 88-2550-B, 2006 Mass. Super. LEXIS 208, at *11 (Mar. 20, 2006) ("In Massachusetts a convicted criminal defendant suing his former criminal defense counsel for malpractice must establish as *prima facie* elements of his claim (1) substandard practice; (2) harm typically in the form of conviction and its consequences; and (3) his actual innocence.").[5]

As explained by the Supreme Judicial Court, two important public policy issues undergird the actual innocence requirement:  first, that "the underpinnings of common law tort liability, compensation and deterrence, do not support a rule that allows recovery to one who is guilty of the underlying criminal charge," and second, that "[t]he public has a strong interest in encouraging the representation of criminal defendants," and that the actual innocence requirement "helps to encourage that kind of legal representation by reducing the risk that malpractice claims will be asserted and, if asserted, will be successful." *Glenn*, 409 Mass. at 708. The Supreme Judicial

---

[5] Massachusetts law applies to Reynolds's claim because it is the state with the "most significant relationship" to the claim at issue. *See, e.g.*, *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 41 (1st Cir. 2020). Reynolds is and was a Massachusetts resident and the allegations in the Complaint all concern a criminal proceeding that took place in Massachusetts.

1042852\308614575.v1

Court has further held that "[i]nnocence, in this context, refers to 'actual innocence, [and] not simply legal innocence[,]'" meaning that "an acquittal alone will not suffice as proof of innocence. . . . Instead, the plaintiff has the greater burden of proving [by a preponderance of the evidence] that he [or she] was innocent of the [crimes] charged in the underlying criminal proceeding." *Correia v. Fagan*, 452 Mass. 120, 128 (2008) (citations omitted, alterations in original).

With these principles in mind, Reynolds's Complaint should be dismissed for two equally fundamental reasons. <u>First</u>, there is simply no allegation in the Complaint that Reynolds is "actually innocent," that is, that he did not commit the crimes of which he was convicted. The Complaint criticizes Reynolds's defense counsel for the conduct of his defense, but nowhere does Reynolds make any allegation regarding his own guilt or innocence. That omission is fatal to his Complaint. *See, e.g.*, *Marchetti v. Atwood*, No. 1783CV00749, 2017 Mass. Super. LEXIS 193, at *13-14 (Nov. 21, 2017) (dismissing criminal defendant's malpractice complaint for failure to plead actual innocence).

<u>Second</u>, a criminal defendant cannot carry his burden of pleading and proving actual innocence while his conviction or guilty plea remains undisturbed. *See, e.g.*, *Baran v. Estate of Conway*, No. 10-0106, 2010 Mass. Super. LEXIS 213, at *14 (Jul. 26, 2010) ("[A]ctual innocence cannot be established until there is no possibility of receiving a guilty verdict from a jury"). Therefore, a criminal defendant is precluded from maintaining an action for malpractice against his defense counsel unless and until his conviction is vacated. *See Labovitz v. Feinberg*, 47 Mass. App. Ct. 306, 312 (1999) ("Given the right of a defendant to challenge the effectiveness of his counsel in the criminal arena, we believe that, absent unusual circumstances, there is merit in the proposition that a malpractice claimant should be precluded from proclaiming his innocence and

6

his lawyer's negligence in a legal malpractice action unless he has succeeded in withdrawing or vacating his guilty plea on direct appeal or through post-conviction proceedings.").

Indeed, under Massachusetts law, well-established principles of collateral estoppel preclude a convicted criminal defendant from asserting his innocence in a subsequent civil proceeding. *See, e.g.*, *Aetna Cas. & Sur. Co. v. Niziolek*, 395 Mass. 737, 750 (1985) (collateral estoppel precludes a convicted criminal defendant from re-litigating his guilt); *Jones v. Maloney*, 74 Mass. App. Ct. 745, 748 (2009) ("We hold . . . that a party to a civil action against a former criminal defendant may invoke the doctrine of collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution").  Other jurisdictions recognize the same principle. *See, e.g.*, *Hassebrock v. Bernhoft*, No. 10-CV-00679-WDS, 2013 U.S. Dist. LEXIS 25437, at *14 (S.D. Ill. Feb. 25, 2013) ("[B]y operation of the doctrine of collateral estoppel, a valid criminal conviction acts as a bar to overturning that conviction in a civil damages suit" (quoting *Levine v. Kling*, 123 F.3d 580, 583 (7th Cir. 1997)), *motion for reconsideration denied by* 2013 U.S. Dist. LEXIS 199607, at *2 (S.D. Ill. Apr. 8, 2013); *Therrien v. Sullivan*, 323 F. Supp. 2d 253, 256 (D.N.H. 2004) (under the doctrine of collateral estoppel, "plaintiff was barred from maintaining his actual innocence in this legal malpractice suit until his conviction was set aside by the grant of a new trial"); *Juan v. Growe*, 547 S.W.3d 585, 595 (Mo. Ct. App. 2018) ("While Plaintiffs now contend they are actually innocent, Plaintiffs' malpractice claims are barred by collateral estoppel because their criminal convictions have not been set aside.").  Nor does the fact that Reynolds's conviction is on appeal lessen its collateral estoppel effect. *See SEC v. Chan*, 465 F. Supp. 3d 18, 30 (D. Mass. 2020) ("The pendency of a criminal appeal or habeas petition seeking post-trial relief generally does not deprive a criminal judgment

1042852\308614575.v1

of its preclusive effect.") (citations omitted).  Reynolds is thus estopped from asserting his actual innocence here, and therefore cannot satisfy one of the basic elements of his claim.

In short, the instant action asserts a claim for legal malpractice arising from a criminal proceeding in which Reynolds was found guilty and where that verdict remains undisturbed. Longstanding principles of Massachusetts law, grounded in well-reasoned principles of public policy, preclude such an action.  Reynolds's Complaint accordingly fails to state a claim and should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the Complaint should be dismissed, and Defendants should be allowed such other and further relief as the Court finds just and reasonable.

Dated: July 29, 2020

*[SIGNATURE PAGE FOLLOWS]*

8

1042852\308614575.v1

Defendants, DAVID AXELROD, KAHLIL WILLIAMS, MARY TREANOR, AND R. STEPHEN STIGALL,

By: Their Attorneys

*/s/ Daniel R. Conte*

David A. Grossbaum, BBO #546020
Daniel R. Conte, BBO #686908
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
617-213-7000
dgrossbaum@hinshawlaw.com
dconte@hinshawlaw.com

*/s/ William A. Slaughter*

William A. Slaughter (admitted *pro hac vice*)
Paul Lantieri III (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
Phone:  (215) 665-8500
Fax:  (215) 864-8999
Slaughter@ballardspahr.com
lantierip@ballardspahr.com

*/s/ Joseph Slaughter*

Joseph Slaughter (admitted *pro hac vice*)
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, New York 10019-5820
Phone:  (212) 223-0200
Fax:  (212) 223-1942
Slaughterj@ballardspahr.com

## CERTIFICATE OF SERVICE

I, Daniel R. Conte, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Daniel R. Conte*

Daniel R. Conte