UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FRANCIS M. REYNOLDS,

    Plaintiff,

v.

DAVID AXELROD, KHALIL WILLIAMS, MARY TREANOR, AND STEPHEN STIGALL

    Defendants.

CIVIL ACTION NO. 1:21-cv-10721-IT

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STAY**

Defendants respectfully submit this response to Plaintiff's Motion to Stay the Case, filed on August 19, 2021.

This is a legal malpractice action in which Plaintiff sued the lawyers who defended him against criminal charges of securities fraud and obstructing an agency proceeding – charges of which Plaintiff was convicted after a three-week jury trial. Defendants have moved to dismiss this action on the ground that plaintiff's conviction on those charges bars his malpractice claim, because it precludes him from establishing his "actual innocence," an essential element of his malpractice claim under Massachusetts law. *See* Def's. Mem. in Supp. of Mot. to Dismiss, Dkt. No. 22; *see also Glenn v. Aiken*, 409 Mass. 699, 708 (1991).

Plaintiff has not responded to defendants' motion to dismiss. Instead, Plaintiff has filed a motion to stay this action pending the Court of Appeals' consideration of his *pro se* appeal of his conviction. Dkt. No. 23. Plaintiff thus all but concedes that Defendants' motion to dismiss argument is correct, and that unless the Court of Appeals vacates his convictions, dismissal of his malpractice claim is required.

While Defendants do not oppose the requested stay, they respectfully submit that a more appropriate and efficient course would be for the Court to dismiss the Complaint in this action now, without prejudice to its being refiled in the event (but only in the event) the First Circuit vacates Plaintiff's convictions.[1]

*[SIGNATURE PAGE TO FOLLOW]*

---

[1] For avoidance of doubt, Defendants do not concede that, even if Plaintiff's convictions are reversed, that such reversal would establish that he was "actually innocent" of the charges against him, or that he can otherwise establish a claim for legal malpractice.

                        Defendants, DAVID AXELROD, KAHLIL WILLIAMS, MARY TREANOR, AND R. STEPHEN STIGALL

By: Their Attorneys

*/s/ Daniel R. Conte*
David A. Grossbaum, BBO #546020
Daniel R. Conte, BBO #686908
HINSHAW & CULBERTSON LLP
53 State Street, 27th Floor
Boston, MA 02109
dgrossbaum@hinshawlaw.com
dconte@hinshawlaw.com

*/s/ William A. Slaughter*
William A. Slaughter (admitted *pro hac vice*)
Paul Lantieri III (admitted *pro hac vice*)
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
Phone: (215) 665-8500
Fax: (215) 864-8999
Slaughter@ballardspahr.com
lantierip@ballardspahr.com

*/s/ Joseph Slaughter*
Joseph Slaughter (admitted *pro hac vice*)
BALLARD SPAHR LLP
1675 Broadway, 19th Floor
New York, New York 10019-5820
Phone: (212) 223-0200
Fax: (212) 223-1942
Slaughterj@ballardspahr.com

Dated: September 1, 2021

## **CERTIFICATE OF SERVICE**

  I, Daniel R. Conte, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and also sent by mail to the Plaintiff at:

Francis Reynolds #00923-138
FMC Devens
PO Box 879
Ayer, MA 01432

               */s/ Daniel R. Conte*
               Daniel R. Conte